I must respectfully dissent. I cannot agree that the trial court did not err in directing a verdict in favor of the defendant Jean Evans and her principal, Stowers-Abrell, Inc. In her role as agent for the Harrells, when inquiry was made of her by them concerning the house under discussion for possible purchase by them, she was under a duty to disclose anything she knew concerning that house, and conditions of the soil in the Montgomery area that might affect the foundation causing cracks and similar kinds of damage, gained from information commonly known to the community and especially to those engaged in the sale of dwelling houses. The evidence is clear that she was an experienced real estate agent and was completely familiar with those conditions.
In the majority opinion a statement of Jean Evans made to the Harrells is set out to the effect that they (the Harrells) would not have to worry because it (the house) would be looked at professionally. It would be appraised and inspected by the Veterans Administration. This is not the only representation made by Evans to the Harrells. Mrs. Harrell testified, when asked about any statement that Jean Evans may have made concerning that house, that: ". . . She [Jean Evans] said that if the property passed the VA appraisal, it would be basically sound and she said we would not have to worry." Mr. Harrell testified that Mrs. Evans said the VA, you know, if it approved it, it had to be basically sound. These statements by Mrs. Evans are more than statements of mere opinion; they amount to representations of present fact and are, therefore, in my judgment, actionable. The record is clear to the effect that *Page 278 
the trier of fact, the jury, would certainly be authorized from all the evidence in the case to conclude that not only were they misrepresentations of fact but they were also relied upon by the Harrells to their detriment. Clearly, this evidence was sufficient to submit the case to the jury as to the liability of Jean Evans and, vicariously, that of Stowers-Abrell.
Therefore, directing a verdict in favor of Mrs. Evans and Stowers-Abrell, Inc., is reversible error and requires reversal of the judgment as to those parties and retrial of the case regarding their liability regarding the issue of actionable misrepresentation.
ADAMS, J., concurs.